FINAL

1  WILLIAM R. TAMAYO, #084965(CA)
   JONATHAN T. PECK, #12303 (VA)
2  EVANGELINA FIERRO HERNANDEZ, #168879 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY
3       COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105
5  Telephone: (415) 625-5622
   Facsimile : (415) 625-5657
6  Evangelina.Hernandez@eeoc.gov

FILED

07 MAR 30  AM II: 19

E-filing

7

   Attorneys for Plaintiff
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  EQUAL EMPLOYMENT OPPORTUNITY )    C 07 1805
13  COMMISSION,                   )    CIVIL ACTION NO.
                                  )
14                                )
                                  )
15              Plaintiff,        )    **C O M P L A I N T**
                                  )    Civil Rights - Employment Discrimination
16        v.                      )    Age Discrimination in Employment Act and
                                  )    Title VII of the Civil Rights Act
17                                )
    KMAN ENTERPRISES INCORPORATED )
18  d/b/a QUALITY INN PT. RICHMOND and )   **JURY TRIAL DEMAND**
    PT. RICHMOND MANAGEMENT, INC.,  )
19                                )
                Defendants.        )
20  _____ )

21                  **NATURE OF THE ACTION**

22       This is an action under the Age Discrimination in Employment Act of 1967, as amended,

23  (ADEA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII), and Title I of the

24  Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age and race

25  and to provide appropriate relief to Charging Party Lillie Dozier, who was adversely affected by

26  such practices. Plaintiff Equal Employment Opportunity Commission (the Commission) alleges

27  that the defendants unlawfully discriminated against Ms. Dozier by subjecting her to differential

28  ///

**COMPLAINT**

1   terms and conditions of employment and termination based on her age, 67, and race, African-
2   American.

3                               **JURISDICTION AND VENUE**

4       1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,
5   1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA,
6   29 USC § 626(b), which incorporates by reference Section 16(c) and 17 of the Fair Standards Act
7   of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, Sections 706 (f) (1) and (3) of
8   Title VII, 42 U.S.C. §2000e-5 (f) (1) and (3) and Section 102 of the Civil Rights Act of 1991, 42
9   U.S.C. §1981a.

10      2.      The employment practices alleged to be unlawful were committed in the City of
11  Richmond and County of Contra Costa, California, which is within the jurisdiction of the United
12  States District Court for the Northern District of California.

13                              **INTRA-DISTRICT ASSIGNMENT**

14      3.      This action is appropriate for assignment to the Oakland Division because the
15  unlawful employment practices were committed within the County of Contra Costa, California.

16                                      **PARTIES**

17      4.      The Commission is the agency of the United States of America charged with the
18  administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring
19  this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of
20  Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat.
21  2705. The Commission is also charged with the administration, interpretation, and enforcement
22  of Title VII and is expressly authorized to bring this action by Sections 706 (f) (1) and (3) of Title
23  VII, 42 U.S.C. §2000e-5 (1) and (3).

24      5.      At all relevant times, Defendant KMAN Enterprises Inc., d/b/a/ Quality Inn Pt.
25  Richmond has continuously been doing business in the State of California and in the City of
26  Richmond and County of Contra Costa, California, and has continuously employed at least
27  fifteen employees.

28  ///

COMPLAINT

2

1    6.    At all relevant times, Defendant Pt. Richmond Management, Inc., has
2 continuously been doing business in the State of California and in the City of Richmond and
3 County of Contra Costa, California, and has continuously employed at least fifteen employees.

4    7.    At all relevant times, Defendants have continuously been employers
5 engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of
6 Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

7    8.    At all relevant times, Defendants have continuously been employers
8 within the meaning of Section 11 of the ADEA, 29 U.S.C. §630(b).

9    9.    Prior to the institution of this lawsuit, the Commission's representatives attempted
10 to eliminate the unlawful employment practices alleged below and to effect voluntary compliance
11 with the ADEA through informal methods of conciliation, conference and persuasion within the
12 meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626 (b).

### STATEMENT OF CLAIMS

14    10.    More than thirty days prior to the institution of this lawsuit, Ms. Dozier filed a
15 charge of discrimination with the Commission alleging violations of ADEA and Title VII by
16 Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

17    11.    Since at least November 2004, Defendants have engaged in unlawful
18 employment practices at its Richmond, California location in violation of Section 4(a), of the
19 ADEA, 29 U.S.C. §623(a), and of Section 703 (a) of Title VII, 42 U.S.C. §2000e-2 (a). These
20 practices include subjecting Ms. Dozier to disparate terms and conditions of employment, and
21 unlawful terminating Ms. Dozier based on her age and race.

22    12.    The effect of the practices complained of in Paragraph 10, above, has been to
23 deprive Ms. Dozier of equal employment opportunities and to otherwise adversely affect her
24 employment status as an employee because of her age and race.

25    13.    The unlawful employment practices complained of in Paragraph 10, above, were
26 intentional.

27    14.    The unlawful employment practices complained of in Paragraph 10, above, were
28 and are done with malice or reckless indifference to the federally protected rights of Ms. Dozier.
COMPLAINT

3

1    15.    The unlawful employment practices complained of in Paragraph 10, above, were

2  and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626 (b).

3                              **PRAYER FOR RELIEF**

4       WHEREFORE, the Commission respectfully request that this Court:

5    A.    Grant a permanent injunction enjoining Defendants, its officers,

6  successors, assigns, and all persons in active concert or participation with them, from engaging in

7  any employment practices which discriminate on the basis of age against individuals 40 years of

8  age and older and race.

9    B.    Order Defendants to institute and carry out policies, practices, and

10 programs which provide equal employment opportunities for individuals 40 years of age and

11 older and for black employees and which eradicate the effects of its past and present unlawful

12 employment practices.

13   C.    Grant a judgment requiring Defendants to pay appropriate back wages in an

14 amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest,

15 to Ms. Dozier as a result of the acts complained of above.

16   D.    Order Defendants to make whole Ms. Dozier by providing appropriate

17 compensation for other past and future pecuniary losses resulting from the unlawful employment

18 practices described above, including medical expenses, in amounts to be determined at trial.

19   E.    Order Defendants to make whole Ms. Dozier by providing compensation for past

20 and future non-pecuniary losses caused by the above unlawful conduct, including pain and

21 suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and

22 humiliation, in amounts to be determined at trial.

23   F.    Order Defendants to pay Ms. Dozier punitive damages for its malicious and

24 reckless conduct described above, in amounts to be determined at trial.

25   G.    Grant such further relief as the Court deems necessary and proper.

26   H.    Award the Commission its costs of this action.

27 ///

28 ///

**COMPLAINT**

4

1  **JURY TRIAL DEMAND**

2  The Commission requests a jury trial on all questions of facts by its complaints.

3

4  RONALD S. COOPER
   General Counsel
5

6  JAMES L. LEE
   Deputy General Counsel
7
   GWENDOLYN YOUNG REAMS
8  Associate General Counsel

9
   EQUAL EMPLOYMENT
10  OPPORTUNITY COMMISSION
   Office of the General Counsel
11  1801 "L" Street NW
   Washington, D.C. 20507
12

13
   DATED: _Mar. 29_____, 2007
14  WILLIAM R. TAMAYO
   Regional Attorney
15

16
   DATED: _Mar 29___, 2007
17  JONATHAN T. PECK
   Supervisory Trial Attorney
18

19
   DATED: _Mar. 29_, 2007
20  EVANGELINA F. HERNANDEZ
   Senior Trial Attorney
21
   EQUAL EMPLOYMENT
22  OPPORTUNITY COMMISSION
   San Francisco District Office
23  350 The Embarcadero, Suite 500
   San Francisco, California 94105
24
   Attorneys for Plaintiff
25

26

27

28

**COMPLAINT**

5